IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20–cr-40089-SMY |
| | ) |
| QUINTON A. MEYERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Quinton A. Meyers' Renewed Motion for Judgment of Acquittal and for New Trial for Failure to Instruct the Jury on Entrapment (Doc. 63). For the following reasons, the motion is **DENIED**.

Meyers was indicted on one count of attempted enticement of a minor (Doc. 15). The case proceeded to jury trial October 24, 2022, through October 26, 2022 (Docs. 53-55). The Government called three witnesses during the trial (Doc. 54). Meyers' Motion for Judgment of Acquittal was denied at the close of the Government's case in chief. He did not testify or present evidence. *Id.* The jury returned a verdict of guilty on October 26, 2022 (Doc. 58).

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for acquittal should be granted only where the evidence is insufficient to sustain a conviction." *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017) (citation omitted) (internal quotation marks omitted). Thus, the Court will overturn the jury's verdict only if "after viewing the evidence in the light most favorable to the Government, the record is devoid of evidence from which a reasonable jury could

find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)).

Here, Meyers argues that the Government did not prove he acted with the specific intent to commit attempted enticement of a minor. A conviction under 18 U.S.C. §2422(b) requires a finding that the defendant had an intent to attempt to induce, entice, or persuade a minor to engage in illegal sexual activity. *United States v. York*, 48 F.4th 494, 499-500 (7th Cir. 2022) *citing United States v. Berg*, 640 F.3d 239, 246, 251-253 (7th Cir. 2011) (Section 2422(b) criminalizes an intentional attempt to achieve a mental state – a minor's assent – regardless of the accused's intentions vis-à-vis the actual consummation of sexual activities with the minor). Therefore, as long as Meyers' actions constitute an attempt to entice a minor to engage in sexual activity, the government satisfies §2422(b). *Id.* at 500.

Meyers provides no support for his contention that the Government failed to present ample evidence for a jury to find that he attempted to entice "Bailey" to perform sexual activity. The jury was presented with social media messages, audio recordings of telephone conversations, and audio recordings of a voluntary interview with investigators. Meyers' communications with "Bailey" included exchanges about sexual history and preferences, sexual acts that he wanted to perform on "Bailey", and the exchange of photos. His messages were replete with sexually explicit content. Once he obtained "Bailey's" assent, he discussed meeting with her. On this evidence, it was reasonable for the jury to find that Meyers knowingly attempted to entice the "minor" to engage in sexual activity with him. *See United States v. York*, 48 F.4th 494, 500-501 (7th Cir. 2022). Accordingly, Meyers' Motion for Judgement of Acquittal is denied.

Meyers also argues for a new trial based upon an alleged failure to instruct the jury on an entrapment defense. A defendant is required to proffer evidence on both elements of the

entrapment defense – inducement and predisposition – to warrant an entrapment instruction. *United States v. Berrios*, No. 21-3062, 2022 WL 17075289, at *11 (7th Cir. Nov. 18, 2022) *citing United States v. Mayfield*, 771 F.3d 417, 440 (7th Cir. 2014). "[W]here there is insufficient evidence of inducement – either because there is no such evidence at all, or because the government did nothing more than offer a standard market deal in a sting – there is no need to consider predisposition. *Id. citing United States v. Plowman*, 700 F.3d 1052, 1057 (7th Cir. 2012). In other words, when the Government's agents solicit the crime or furnish an opportunity to commit it on customary terms, the Government has not "induced" the crime within the meaning of the entrapment doctrine. *Mayfield* 771 F.3d at 432. In such cases, the entrapment defense is unavailable and there is no for a more complex inquiry into evidence of predisposition. *Id.*

      Meyers argues that the Government induced him by setting up a false internet profile that stated the purported minor was 18 years of age. But during the exchange, Meyers was told that the minor was 15 years; he was undeterred. The circumstances in this case are typical in sting operations: an agent posing as "Bailey" furnished Meyers the chance to commit this crime on customary terms – a text conversation on a hook-up website followed by a meeting – and Meyers did so. The Government's actions did not include repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that obvious in the execution of the crime, pleas based on need, sympathy, or friendship. See, *Berrios*, No. 21-3062, 2022 WL 17075289, at *11. To the contrary, the Government presented Meyers with an ordinary opportunity to act unlawfully towards a minor, and he accepted. As such, denial of the entrapment jury instruction was proper.

## Conclusion

For the foregoing reasons, Defendant Quinton A. Meyers' Renewed Motion for Judgment of Acquittal and for New Trial for Failure to Instruct the Jury on Entrapment (Doc. 63) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 22, 2022

_____
**STACI M. YANDLE**
**United States District Judge**